## CIRCUIT COURT OF HENRICO COUNTY

Winston P. Boykin

    v.

Hermitage Realty et al.


James A. Hall

    v.

Hermitage Realty et al.


George T. Gagnon

    v.

Hermitage Realty et al.


Richard F. Barney

    v.

Hermitage Realty et al.

January 2, 1984

Cases No. 81L50, 81L51, 81L52, 81L53

By JUDGE L. PAUL BYRNE

Each of these four consolidated cases was simultaneously instituted by the several sets of plaintiffs against Hermitage Realty, Peg Pappas and the Yeonas Company.

On August 6, 1982, the plaintiffs in each of the four cases took voluntary nonsuits as to the defendant Yeonas. The remaining cases, then consolidated, were tried to a jury on August 17 and 18, 1982. In each of the four cases the jury returned verdicts in favor of the plaintiffs against the defendants in the sum of $7,500.00 for each plaintiff family.

Thereafter, the defendants filed with the Court motions to set aside each verdict as contrary to the law and evidence or, alternatively, as excessive in amount.

The Court has carefully reviewed all the evidence adduced at trial, and has maturely considered the arguments and briefs advanced on behalf of the parties, and has concluded that the verdicts in favor of the plaintiffs should be set aside and that judgment in each case should be entered in favor of the defendants.

In each of the four consolidated cases, the plaintiffs purchased condominium units on Skirmish Run Drive in the Stonewall Manor Subdivision in Henrico County, a condominium subdivision developed by the Yeonas Company. In each case, the sale was effected through Hermitage Realty and Hermitage's employee, Peg Pappas. The thrust of the plaintiffs' suits is that during their several negotiations with Mrs. Pappas the latter represented to them that the wooded area located behind their several condominium units would remain wooded and not built upon.

It went uncontradicted during trial that at the time of their respective purchases, there existed in the office of Planning and Zoning of Henrico County an approved Plan of Development indicating possible future construction of a play area in the wooded property to the rear of the plaintiffs' condominium units.

Each of the plaintiffs is a member of Stonewall Manor Association, whose President wrote the Yeonas Company on October 21, 1980, requesting the latter to develop and construct the play area which gives rise

to these suits by the plaintiffs. Pursuant to that request, the play area was constructed. With that exception, the areas behind the plaintiffs' units remain wooded and undeveloped.

In essence, these are actions for fraud and deceit. As such, they are governed by principles of law applicable thereto. It is elementary that a misrepresentation to be actionable must be made concerning an actually existing or past fact. A promise, an expression of interest, or an expectation or opinion concerning the future is not actionable. And in every case the burden rests upon the plaintiff to prove the charge of fraud by clear and convincing evidence.

Measured against these legal standards, the evidence presented by the several plaintiffs is clearly insufficient to sustain the verdicts returned by the jury. In short, the plaintiffs produced no evidence that can realistically be characterized as misrepresentation with respect to actually existing or past facts. At most, the testimony concerning statements made by the defendant Pappas show no more than promises or expectations or opinions concerning what would happen in the future.

Accordingly, upon presentation of appropriate sketches, the Court will, in each case, sustain the motion to set aside the verdict and to enter judgment for the defendants.